Day, J.
Do the provisions of Sections 10259 and 10260, General Code, apply to the municipal court of the city of Dayton? The answer to this question depends upon whether or not the common pleas court of Montgomery county has; been given by statute the power to hear matters on special appeal from the judgments of the municipal court of Dayton. The common pleas court gets its jurisdiction from statutory enactment. Unless power can be found in the statutes to that effect, the question must be answered in the negative.
It is the contention of the plaintiff in error that Section 1579-54, General Code, places the judgments, orders, and decrees of the municipal court upon the same footing as those of a justice of the peace, and that therefore the same become amenable to Sections 10259 and 10260, General Code, and, further, that, by Section 11215, General Code, the common pleas court is given general appellate jurisdiction in all civil cases. On the other hand, the defendant *285 in error claims that Section 1579-54, General Code, confers jurisdiction upon the municipal court, and not jurisdiction upon the common pleas court, and that the general appeal section (Section 11215, General Code) does not apply, for the reason that it relates to general appeals, and not to special appeals in ancillary matters, such as attachments referred to in Sections 10259 and 10260, General Code. The municipal court act in question provides for a review of the judgments of the municipal court by petition in error to the common pleas court. The law is silent as to any rights of appeal, unless Section 11215, General Code, which gives the common pleas court power to review on appeal judgments of inferior courts in the proper county, should be held to apply. This we cannot grant, as in the instant case the judgment before us for review is not a final one upon the merits of the case, but arises upon an ancillary proceeding, to-wit, the overruling of the motion to dissolve the attachment; and the right to appeal must be found in the special statute relative thereto, and not in a general statute relating to appeals in all civil actions.
Had it been the intention of the Legislature to provide for this special appeal, it would have doubtless done as it did in regard to the right to review by error in Section 1579-71. Having not done so, we must come to the conclusion that it was the intention to purposely omit such right. The remedy to cure such an omission is in the Legislature. As further evidence of the legislative intent we call attention to Section 1579-4236 (109 O. L., page 364), even though the same is not applicable to the municipal court of the city of Dayton:
*286 “Sec. 1579-4236. In actions where an order of attachment has been issued, the defendant shall have the same right to make a motion before the municipal judge to dissolve the attachment or release the property, money or credits attached or garnisheed as set out in Section 10259 of the General Code of Ohio, and shall have the same right of appeal to the court of common pleas as set out in Section 10259 of the General Code. The practice and procedure upon such appeal shall in all respects be the same as provided in Sections 10259 and 10260 of the General Code.”
The foregoing applies to the' municipal court act of the city of Massillon, Ohio.
As to the contention that the right to this special appeal is given by Section 1579-54, General Code, we are of opinion that the jurisdiction therein conferred is upon the municipal court, and not upon the common pleas court, and that the right of special appeals must clearly appear. This not so appearing, we fail to find that Section 1579-54, General Code, applies. Entertaining this view, that the right to this special appeal is not disclosed by statutory enactment, we are compelled to the conclusion that the judgment of the Court of Appeals in entertaining the petition in error to the common pleas court of Montgomery county, and in affirming the judgment of that court, was right. The same is therefore affirmed.

Judgment affirmed. .

Marshall, C. J., Wanamaker, , Robinson, Jones and Allen, JJ., concur.